

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-19-00153-CR
07-19-00154-CR

JAWONE ONEAL LEE RILES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court Nos. 27,687-B, 28,575-B, Honorable John B. Board, Presiding

November 7, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Jawone Oneal Lee Riles, appellant, appeals the trial court's judgments by which he was convicted for first-degree burglary of a habitation with the intent to commit robbery in appellate cause number 07-19-00153-CR and for second-degree burglary of a habitation in appellate cause number 07-19-00154-CR. Following his open pleas of guilty to the State's allegations, appellant was sentenced to forty years' and ten years' imprisonment, respectively. The sentences were to be served concurrently.

Appellant's appointed counsel later filed motions to withdraw and an *Anders*[1] brief encompassing both convictions with the court. Therein, counsel certified that, after he diligently searched the records, the appeals were without merit. Accompanying the briefs and motions is a copy of a letter informing appellant of counsel's belief that there was no reversible error and of appellant's right to file a response, pro se. Counsel also certified that he mailed to appellant copies of the appellate record. By letter dated August 23, 2019, this Court also notified appellant of his right to file his own response by September 23, 2019. On appellant's motion, this Court granted appellant an extension of time to file his pro se response.[2] The extended deadline was designated as October 31, 2019. To date, this Court has not received a pro se response or any other communication from appellant.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal, which included the propriety of trial counsel's failure to file an application for community supervision and the constitutionality of the punishments imposed for the convictions. Counsel also provided analysis and authority explaining why neither issue had merit. We then conducted our own review of the appellate records for issues of arguable merit pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991)

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] Appellant indicated that he wanted a copy of the appellate records. We asked his counsel to certify that they had been sent to appellant, and counsel so certified to this Court by September 30, 2019. Attached to his certification was a copy of the pertinent USPS return receipt and tracking number. It revealed that the records were delivered on August 23, 2019, to "Front Desk/Reception/Mail Room." The exact address of delivery was unmentioned, as was the name of the actual recipient. Our ensuing letter of September 30, 2019 to appellant (addressed to the Fort Stockton Unit, 1536 IH-10 East, Fort Stockton, TX 79735) informed him of counsel's certification and the date by which he had to file a pro se response to the motion to withdraw. The Court heard nothing else from appellant. Nor has he indicated that counsel's certification of mailing was inaccurate in any way or that he had yet to receive the appellate records.

(en banc). None were found, other than a matter regarding the bill of costs assessed in Cause No. 27,687-B. It included, among other things, the sum of $3,875 as "court appointed attorney's fees." Yet, it also indicated that there existed an unpaid balance of "0.00" for all costs. Having been found indigent and that status having remained through judgment, appellant was not subject to an assessment for such fees. *See Simmons v. State*, No. 07-17-00127-CR, 2019 Tex. App. LEXIS 2760, at *12–13 (Tex. App.—Amarillo Apr. 5, 2019, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2018)). Thus, those attorney's fees are redacted from the court costs and bill of costs. He is not obligated to pay them, now or in the future.

Accordingly, we grant appellate counsel's motions to withdraw, affirm the trial court's judgments of conviction, and *sua sponte* extend the deadline by which to request a motion for rehearing to December 13, 2019.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Texas Court of Criminal Appeals.